GEORGE HEWITT MYERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1087. Promulgated June 29, 1944.

*William H. Harrar, Esq.*, for the petitioner.
*E. M. Woolf, Esq.*, for the respondent.

OPINION.

OPPER, *Judge*: Petitioner urges that the principle applicable to these proceedings is that "If a disposition of property does not (1) involve a sale or exchange through which (2) the person disposing of the property receives some consideration, either by way of money or property or by way of release from personal liability with respect to the property disposed of, the loss thereby sustained is ordinary in nature and not subject to the limitations of Section 117 (d)." If this statement is correct, petitioner must prevail. There is no dispute about the facts and they make it apparent that, when petitioner's stock was taken over by the issuing corporation upon his default in discharging a stock assessment, nothing was paid to him, and from all that appears he had no personal obligation to pay the assessment from which he was relieved by the sale.

Of course, there can be no question about the first half of the requirement listed by petitioner. Thus a mere abandonment in favor of the lien holder without the interposition of any sale falls outside

the definition. E. g., *Bert B. Burnquist*, 44 B. T. A. 484; appeal dismissed (C. C. A., 8th Cir.), 123 Fed. (2d) 64; *James B. Lapsley*, 44 B. T. A. 1105; *Stokes* v. *Commissioner* (C. C. A., 3rd Cir.), 124 Fed. (2d) 335. But it is not entirely apparent that petitioner denies the existence of a sale here. In any event, we find it impossible to do so. The Nevada statute under which this transaction occurred provides in part:[1]

If * * * any stockholder shall make default in the payment of the assessment upon the shares held by him, so many of such shares may be sold as will be necessary for the payment of the assessment upon all the shares held by him * ' * * The sale of said shares shall be made at the office of the company at public auction to the highest bidder * * * and at such sale the person who shall pay the assessment so due, together with the expense of advertising and sale, for the smallest number of shares, or portion of a share, as the case may be, shall be deemed the highest bidder.

Every corporation in this state shall also have the power, whenever at any assessment and sale of the stock of said corporation no person will take the stock and pay the assessment * * * to purchase such stock and hold the same for the benefit of the corporation * * *

The stipulated facts show that the statutory design was pursued in every detail. The stock was placed on sale at public auction and, when there were no outside bidders, the corporation bought it in as the statute contemplates. The similarity to a foreclosure sale at which a mortgage creditor or tax lien holder is the successful or only bidder must be manifest. We see no reason to question the presence of a sale in this situation in the sense in which Congress meant to employ it in section 117 (d). *Helvering* v. *Hammel*, 311 U. S. 504; *Electro-Chemical Engraving Co.* v. *Commissioner*, 311 U. S. 513; *Helvering* v. *Nebraska Bridge Supply & Lumber Co.*, 312 U. S. 666; *Commissioner* v. *Coggan* (C. C. A., 1st Cir.), 119 Fed. (2d) 504; certiorari denied, 314 U. S. 652.

In the last cited case a sale for unpaid assessment upon corporate stock was squarely held to be within the class of sales to which the capital loss limitation applies. In that case it was recognized that "In a sense the sale was an involuntary one, but these two cases [*Hammel* and *Electro-Chemical Engraving Co.*] make clear that the sale need not be by voluntary action of the taxpayer in order to be a 'sale or exchange' within the meaning of § 117. That there was literally a sale is unquestionable."

Petitioner seeks to distinguish the case on the grounds that the stockholder there obtained a release of personal liability and that apparently the purchaser was a stranger to the transaction. In this, petitioner apparently resorts to the second part of his statement of the asserted capital loss requirements. But in this phase of his con-

[1] Nevada Compiled Laws, 1929, sec. 1673.

tention we are unable to concur. Neither the creditor's purchase of the property for the amount of the debt, nor the failure of all consideration, including any release of liability, is fatal to the operation of the capital loss limitation. In *Helvering* v. *Nebraska Bridge Supply & Lumber Co.*, *supra*, the state foreclosed a tax lien for which the owner of the property had no personal obligation and bid in the property at the tax sale. See 115 Fed. (2d) 288. No payment or consideration of any kind appears to have been received by the property owner. See 40 B. T. A. 40. Yet a decision in the Board of Tax Appeals and the Circuit Court in favor of the taxpayer was reversed by the Supreme Court on the authority of *Helvering* v. *Hammel*, *supra*. See also *Commissioner* v. *Coggan*, *supra*.

Petitioner relies upon an unpublished opinion of the United States District Court for the Southern District of California. *Adamson* v. *United States*, 26 A. F. T. R. 1188; appeal dismissed (C. C. A., 9th Cir.) ; 107 Fed. (2d) 1022. The facts are not fully stated and it is not clear whether there was a sale by the corporation or a mere abandonment to it by the stockholder. But in any event the conclusion reached was founded upon *Nebraska Bridge Supply & Lumber Co.*, 40 B. T. A. 40; *C. G. Ganopuls*, 39 B. T. A. 1120; and *Commissioner* v. *Freihofer* (C. C. A., 3d Cir.). 102 Fed. (2d) 787. All of these cases were decided prior to the *Hammel* case. As has been observed, the *Nebraska Bridge* case was subsequently reversed and, as we said in *Edward F. C. McLaughlin*, 43 B. T. A. 528:

\* \* \* Any intimations to the contrary that may appear in *Commissioner* v. *Freihofer*, 102 Fed. (2d) 787, must be regarded, since the decision of the *Hammel* and *Electro-Chemical Engraving Co.* cases, as no longer the law. \* \* \*

For the reasons stated we are of the opinion that the loss suffered by petitioner was the consequence of a "sale or exchange" and hence is limited by the provisions of section 117 (d). We regard respondent's determination as correct. By reason of other items said to require adjustment,

*Decision will be entered under Rule 50.*